UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STANLEY REED,

    Plaintiff,

    v.                                CAUSE NO. 3:23-CV-245-JD-JEM

ST JOSEPH COUNTY JAIL, et al.,

    Defendants.

## OPINION AND ORDER

Stanley Reed, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Reed's complaint contains unrelated claims. He sues 11 people for events that occurred at the St. Joseph County Jail over a several-month period. First, he details the events that occurred involving Corporal Greenfield, Nurse Rebecca, Corporal Limon, Kirkpatrick, Nurse Valentina, and Sergeant Rayl when he was booked into the jail on December 15, 2022, and that culminated in him being placed on suicide watch until December 19, 2022. ECF 1 at 2-3. Then, he complains about the medical care he received

from Nurse Francis on January 1, 2023. *Id.* at 3. Next, he discusses a conflict he had with another inmate on January 10, 2023, and alleges Officer Silva and Officer Grouchowalsk failed to resolve the issue. *Id.* at 3-4. He alleges Officer Spencer Hartman and Officer Hartman placed handcuffs on him that were too tight on March 7, 2023, and then Nurse Wendy provided inadequate medical care for his wrists on March 10, 2023. *Id.* at 4. Finally, he alleges that unidentified medical staff are making unwarranted changes to his medication. *Id.* at 5.

Reed may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Reed because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Reed is unable to select related claims on which to proceed in this case, one of these options may become necessary. Reed needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the jail which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Reed will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, a **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form, which is available from the jail's law library. He must write this cause number (No. 3:23-cv-245-JD-JEM) on the amended complaint and explain in his own words what happened, when it happened, where it

happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS Stanley Reed until **June 29, 2023**, to file an amended complaint containing only related claims; and

(2) CAUTIONS Stanley Reed that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on May 25, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT