UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STANLEY REED, <br><br> Plaintiff, <br><br> v. <br><br> SPENCER HARTMAN and WENDY, <br><br> Defendants. | CAUSE NO. 3:23-CV-245-JD-JEM |

OPINION AND ORDER

Stanley Reed, a prisoner without a lawyer, filed a complaint that the court determined contained unrelated claims. ECF 1, 5. He was instructed to choose which claim he wished to pursue in this case and file an amended complaint containing only that claim. ECF 5. He was advised that if he did not respond by the deadline, the court would choose for him. *Id.* He has not responded, and so the court will proceed to choose a claim for this lawsuit. The remaining claims will be dismissed without prejudice. Reed may assert those claims in separate lawsuits if he wishes, subject to the usual constraints of the Prisoner Litigation Reform Act.

The court will screen the claim related to the allegations concerning the use of handcuffs on March 7, 2023, and followup medical care on March 10, 2023. ECF 1 at 4-5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Reed alleges that on March 7, 2023, Officer Hartman placed him in handcuffs to move him from his cell to Detox 2. The handcuff on his left wrist was too tight. Reed says he complained about it, but the officer did not loosen it or take it off. He was being taken to Detox 2 so that his cell could be packed up in order to move him to a new cell. An officer, identified as Officer K-9 but not named as a defendant, came to Detox 2 to escort him to his new cell. That officer put the right handcuff on too tight. Reed went to medical on March 10, 2023, about numbness in his hands and arms. He asked Nurse Wendy to take x-rays, but she refused to do so.

Because Reed was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must provide evidence that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Reed does not state a claim against Officer Hartman for excessive force based on the too-tight handcuffs. Too-tight handcuffs can sometimes constitute excessive force. *See Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006) (discussing cases). But it appears the handcuffs were on Reed for a short period of time—just long enough to move him from one cell to another. And based on the allegations in the complaint, it cannot be reasonably inferred that Officer Hartman placed the left handcuff tightly to cause him pain or that the officer was aware the pain from the left handcuff was excessive, rather than simply uncomfortable. *See id.* (concluding that tight handcuffs did not constitute excessive force where the plaintiff complained of pain only once to the officer and did not communicate the degree of pain).

Nor does Reed state a claim against Nurse Wendy. To establish a violation of the Fourteenth Amendment's right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Here, Reed alleges that Nurse Wendy did not give him the x-rays he requested. There are no facts in the complaint to suggest the denial of an x-ray was an unreasonable decision. And the complaint does not detail what other treatment was provided at that medical visit.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the claim related to the handcuffs on March 7, 2023, and medical care on March 10, 2023, as described in this complaint, Reed may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE any claim unrelated to the use of handcuffs on March 7, 2023, and later medical care on March 10, 2023;

(2) DISMISSES St. Joseph County Jail, Greenfield, Grochowalsk, Limon, Campbell, Kirkpatrick, Rayl, Bradley Moore, Silva Lewis, Rebecca, Valentina, and Francis;

(3) GRANTS Stanley Reed until **November 27, 2023**, to file an amended complaint; and

4

  (4) **CAUTIONS** Stanley Reed if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

  **SO ORDERED** on October 24, 2023

                /s/JON E. DEGUILIO  
                JUDGE  
                UNITED STATES DISTRICT COURT